IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| R.A.D. SERVICES, a Nebraska limited liability company Assignee, | ) ) ) | CASE NO. _____ |
| Plaintiff, | ) ) | |
| vs. | ) ) | **NOTICE OF REMOVAL** |
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

Please take Notice that Defendant Allstate Property and Casualty Insurance Company, ("Allstate") by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the District Court of Douglas County, Nebraska, where it is now pending, to the United States District Court for the District of Nebraska. In support thereof, Allstate states as follows:

1.  Plaintiff R.A.D. Services initiated this suit on June 26, 2018. In the District Court of Douglas County, Nebraska against Allstate. The case is caption "R.A.D. Services, a Nebraska Limited Liability company, Assignee, Plaintiff vs. Allstate Property and Casualty Insurance Company, Defendant" and is assigned Case Number D01CI180005781. See attached Exhibit "A".

2.  R.A.D effected service on Allstate on June 28th, 2018.

3.  R.A.D. alleges that four Nebraska insured sustained covered losses to their homes in a severe weather event (the 'Insureds"). According to R.A.D. each of the Insured executed an "Assignment of Insurance Claims in favor of Brokram, Inc. d/b/a Elite Exteriors". R.A.D. further alleges that Elite Exteriors executed an "Assignment of Insurance Claim in favor of R.A.D. for the four claims reference in Plaintiff's Complaint and Demand for Jury Trial.

4.  R.A.D. contends that Allstate breached the Insureds' policies by "failing to pay R.A.D. all benefits due and owing." R.A.D. does not allege any Insured actually incurred a cost Allstate did not pay, but nevertheless demands payment for "an amount to be determined

at trial", "all general and compensatory damages" alleged owed, as well as "pre-judgment interest and post-judgment interest, fees, costs and reasonable attorney fees" on its breach-of-contract count. R.A.D. also states that this amount "is likely to increase with discovery and further investigation".

## Diversity Jurisdiction- § 1332(a)

5. The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), because complete diversity exists between the parties and the amount in controversy exceeds $75,000.

6. Plaintiff R.A.D. is a Nebraska Limited Liability Company with its principal place of business located in Omaha, Nebraska.

7. R.A.D. is a citizen of the State of Nebraska

8. Allstate is an insurance company domiciled and incorporated in Illinois and thus is a citizen of Illinois.

9. Accordingly, there is complete diversity of citizenship between the parties. See Cascades Dev. of Minn., LLC v. Nat. Spec. Ins., 675 F.3d 1095, 1100 (8th Cir. 2012) (analyzing assignee's citizenship for diversity purposes); see also Hartford Accident & Indem. Co. v. Sullivan, 846 F.2d 377, 382-83 (7th Cir. 1988) (holding that diversity jurisdiction existed where assignee diverse from opposing party).

## Amount In Controversy Exceeds $75,000- §1332 (a)

10. In addition to the complete diversity between R.A.D. and Allstate, this Court also has jurisdiction over this action under 28 U.S.C. § 1332(a) because Plaintiff seeks damages that exceed $75,000.

11. R.A.D. does not specify the amount in controversy in its Complaint and Demand for Jury Trial. As a result, Allstate may properly set forth the amount in controversy in its Notice of Removal. See 18 U.S.C. § 1446(c)(2)(A); see also Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 551, 190 L. Ed. 2d 495 (2014) ("When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so.").

12. Allstate prepared estimates for the cost to repair the hail damage in connection with each of the claims. R.A.D. and/or its alleged assignor, Brokram, Inc. d/b/a/ Elite Exterior, provided Allstate with their own estimates in connection with each of the claims.

13. By comparing the amount of the most recent versions of the estimates, Allstate is able to identify $125,627.47 in controversy as follows:

    - Claim # 0466931607 - $32,961.86
    - Claim # 0467696307 - $37,129.61
    - Claim # 0462628785 - $55,576.70

14. In addition, Plaintiffs demand payment of "reasonable attorney fees," which further increases the amount in controversy in this matter beyond the $125,627.47 set forth above.

15. It is, thus, apparent that the amount in controversy exceeds $75,000, exclusive of interests and costs. See Bowden v. Burnham, 59 F. 752, 755 (8th Cir. 1894) (holding that the "requisite amount and the citizenship necessary to confer the jurisdiction are united in the plaintiffs; and the jurisdiction is not affected by the fact that the several assignors of the claims could not have maintained separate suits thereon, because the claim of each" did not satisfy the amount-in-controversy requirement); see also Alpine Glass, Inc. v. State Farm Fire and Casualty Company, Civ. No. 12-2867, 2013 WL 2434942, at *2 (D. Minn. June 4, 2013) (holding that insureds' claims assigned to auto glass repairer properly aggregated to satisfy the amount in controversy requirement).

16. Therefore, this Honorable Court has jurisdiction over this civil action under 28 U.S.C. § 1332, in that diversity of citizenship exists within the meaning of the aforementioned statute and the amount in controversy exceeds $75,000, exclusive of interest and costs, thereby entitling Allstate to remove this action to the Federal Court sitting in the District of Nebraska. See 28 U.S.C. §§ 107, 1441(a).

### Removal Procedures

17. This Notice of Removal was timely filed in accordance with 28 U.S.C. §1446 and Federal Rule of Civil Procedure 6. A true copy of this Notice of Removal is concurrently being filed with the Clerk of the District Court of Douglas County, Nebraska, as required by 28 U.S.C. §1446(d).

18. The Complaint and Demand for Jury Trial is attached hereto as Exhibit A. Copies of all other process, pleadings, and orders filed in the Douglas County action are attached

hereto as Exhibit D, in accordance with 28 U.S.C. §1446(a). There are no matters pending in the state court requiring resolution.

WHEREFORE, Defendant Allstate, desiring to remove this cause to the United States District Court for the District of Nebraska, being the district for the county in which said action is pending, prays that the filing of this Notice of Removal with the Clerk of the District Court of Douglas County, Nebraska shall cause the removal of said suit to this Court.

Dated this *30* day of *July*, 2018.

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant,

By:_____
For: Nolan, Olson & Stryker, P.C., L.L.O.
444 Regency Parkway Dr., Suite 109
Omaha, Nebraska 68114
(402) 932-5126
Brian D. Nolan, #17764
Jacob W. Harberg, #26156
bnolan@nolanolson.com
jharberg@nolanolson.com

CERTIFICATE OF SERVICE

I hereby certify that on this *30* day of July, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Carrie K. Gaines
4433 S. 133rd Street
Omaha, NE 68137