# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| R.A.D. SERVICES, a Nebraska limited liability company Assignee; and BROKRAM, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, <br><br> Defendant. | 4:18CV3103 <br><br> **AMENDED FINAL PROGRESSION ORDER** |

This matter is before the Court on the parties' Stipulation to Extend Progression Order Deadlines.  ([Filing No. 49](#).)  The motion is granted.  Accordingly,

1) The jury trial of this case is set to commence before Magistrate Judge Susan M. Bazis in Courtroom 1, United States Courthouse, Lincoln, Nebraska, at **9:00 a.m.** on **April 6, 2020**, or as soon thereafter as the case may be called, for a duration of five (5) trial days. This case is subject to the prior trial of criminal cases and other civil cases that may be scheduled for trial before this one. Jury selection will be held at the commencement of trial.

2) The Pretrial Conference is scheduled to be held before the undersigned magistrate judge on **March 13, 2020** at **11:00 a.m.**, and will be conducted by internet/telephonic conferencing. Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (If counsel wishes to appear in person, counsel must contact chambers requesting permission to do so. Before contacting chambers to request such relief, counsel shall confer regarding the issue.) The parties' proposed Pretrial Conference Order and Exhibit List(s) must be emailed to bazis@ned.uscourts.gov, in Word format, **by 3:00 p.m. on March 10, 2020**.

3) A telephonic conference to discuss the status of case progression and the parties' interest in settlement will be held with the undersigned magistrate judge on **August 16, 2019** at **3:00 p.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

4) The deadline for completing written discovery under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is **August 1, 2019**. Motions to compel discovery under Rules 33, 34, and 36 must be filed by **August 15, 2019**.

   **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

5) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    For the plaintiff(s): **July 15, 2019**
    For the defendant(s): **August 15, 2019**

6) The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    For the plaintiff(s): **August 15, 2019**
    For the defendant(s): **September 16, 2019**
    Rebuttal: **September 30, 2019**

7) The deposition deadline is **October 28, 2019**.

8) The deadline for filing motions to dismiss and motions for summary judgment is **November 11, 2019**.

9) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **November 11, 2019**.

10) Motions in limine shall be filed seven days before the pretrial conference. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

11) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

12) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 25th day of June, 2019.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.